IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAUL O'HAVER <br> Plaintiff <br><br> v. <br><br> STATE FARM LLOYDS <br> Defendant | § <br> § <br> § <br> § Civil Action No. 5:21-cv-597 <br> § <br> § <br> § |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On May 14, 2021, Plaintiff Paul O'Haver, filed his Original Petition styled Cause No. 2021CI09629; *Paul O'Haver v. State Farm Lloyds;* In the 288th Judicial District Court, Bexar County, Texas.[1]

2. Service of suit upon State Farm's registered agent occurred on May 24, 2021 and State Farm timely answered thereafter on Jun 14, 2021.[2]

3. State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

### *Nature of the Suit*

4. This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claim for damages allegedly caused by a severe weather event occurring on or about May 27, 2020

---

[1] *See* Exhibit A, Plaintiff's Original Petition at page 1.
[2] *See* Exhibit A, State Farm's Original Answer.

at Plaintiff's property located at 307 Red Quill Nest, San Antonio, Bexar County, Texas.  Plaintiff asserts causes of action against State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code (including unfair settlement practices, misrepresentation, failing to attempt in good faith to settle, failing to promptly provide a reasonable explanation, and refusing to pay), violations of the Texas Deceptive Trade Practice Act, unfair insurance practices, and breach of the covenant of good faith and fair dealing.  Plaintiff currently seeks actual, economic, additional and exemplary damages, attorney's fees, pre-judgment and post-judgment interest and costs of court.

### *Basis for Removal*

5. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

6. Upon information and belief, Plaintiff was a citizen of Texas when his Petition was filed, and continues to be a citizen of Texas.

7. At the time Plaintiff's Original Petition was filed in State District Court on May 14, 2021 naming State Farm Lloyds as Defendant, and as of the date of filing this Notice, State Farm Lloyds was and is not a citizen of the State of Texas for diversity jurisdiction purposes.[4]  State Farm Lloyds is an association of individual underwriters.[5]  At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the

---

[3] The Original Petition asserts Plaintiff's damages are in excess of $250,000.00.  *See* Exhibit A, Plaintiff's Original Petition at page 1.

[4] *See* Exhibit B, Affidavit of Michael Roper; *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

[5] *See* Exhibit B, Affidavit of Michael Roper.

underwriters were and are domiciled in Illinois[6]. Specifically, all underwriters are residents of Illinois, employed in Illinois and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm Lloyds.[7]

8. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff has pled he seeks monetary relief in excess of $250,000 in damages in his petition.[8] Plaintiff made a pre-suit DTPA demand to State Farm in which Plaintiff asserted monetary damages of $36,643.25 in lost policy benefits, and stated that, due to the "complexity and nature of these types of lawsuits," Plaintiff's attorney's fees alone could exceed $75,000.[9] Plaintiff seeks additional damages on top of the monetary damages through Chapter 542 and 541 of the Texas Insurance Code. Specifically, Plaintiff seeks treble damages for the alleged underpayment of policy benefits in an amount of $109,938. Consistent with the amount sought in the Petition and settlement demand, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

9. In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[10] Here, Plaintiff claims severe weather caused damages to his property that Plaintiff insured through

---

[6] *Id.*

[7] *Id.*

[8] *See* Exhibit A, Plaintiff's Original Petition at page 1.

[9] *See* Exhibit C, Plaintiff's DTPA demand letter.

[10] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

State Farm Lloyds.[11] Plaintiff seeks damages for State Farm's alleged failure to pay him what was owed under the terms of his insurance contract.[12] The Policy at issue for the reported date of loss is a Texas Homeowners Policy with coverage limits of $322,000.00 for the dwelling and $241,500.00 for personal property.

10. In addition, Plaintiff seeks actual damages, exemplary damages, mental anguish damages and statutory interest penalties.[13] Plaintiff also seeks attorney fees for bringing this suit.[14] Thus, given the plain language of his pleading, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

11. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

12. State Farm was first served with Plaintiff's Original Petition in District Court on May 24, 2021. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

---

[11] *See* Exhibit A, Plaintiff's Original Petition at page 2.
[12] *See* Exhibit A, Plaintiff's Original Petition at page 5.
[13] *See* Exhibit A, Plaintiff's Original Petition at page 13-15.
[14] *See* Exhibit A, Plaintiff's Original Petition at page 14.

15. Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 288th Judicial District Court for Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 288th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:    (210) 227-4602
dstephens@lsslaw.com


By: _____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*

COUNSEL FOR DEFENDANT STATE FARM LLOYDS

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the 23rd day of June, 2021, addressed to those who do not receive notice from the Clerk of the Court.

    John Hilary Barkley
    BARKLEY LAW GROUP
    336 North Main Street, Suite 206
    Conroe, Texas 77301
    john@barkleylawgroup.com

_____
David R. Stephens